Nduwimana v. Barr

BIA
Reid, IJ
A213 045 920

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty.

PRESENT:
      ROBERT A. KATZMANN,
      RAYMOND J. LOHIER, JR.,
      STEVEN J. MENASHI,
         *Circuit Judges.*

_____

APOLLINAIRE NDUWIMANA,
      *Petitioner,*

v.                      18-1690
                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      William J. Harrington, Allison R. Klein, Goodwin Procter LLP, New York, NY.

**FOR RESPONDENT:**      Ethan P. Davis, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Christina P. Greer, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Apollinaire Nduwimana, a native and citizen of Burundi, seeks review of a May 9, 2018 decision of the BIA affirming a December 7, 2017 decision of an Immigration Judge ("IJ") denying Nduwimana's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Apollinaire Nduwimana,* No. A 213 045 920 (B.I.A. May 9, 2018), *aff'g* No. A 213 045 920 (Immig. Ct. Batavia Dec. 7, 2017). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review the IJ's decision as modified by the BIA, *i.e.,* minus the arguments for denying relief" that the BIA declined to reach. *Urgen v. Holder*, 768 F.3d 269, 272 (2d Cir. 2014) (per curiam).[1] The standards of review are well

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

established.  *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Although at least one reason that the IJ provided for its adverse credibility determination may not be supported by substantial evidence,[2] the agency's overall adverse

_____

[2] For instance, to the extent the agency found it implausible that Nduwimana was able to leave the country while a warrant for his arrest was outstanding, the record suggests that this is indeed what happened:  there is no dispute that Nduwimana flew from Burundi to the United States on or about May 26, 2017, and a signed copy of the warrant, dated May 7, 2017, was admitted into evidence.

credibility determination, based on other proffered reasons, is supported by substantial evidence:

First, the IJ reasonably relied on an implausibility finding regarding certain aspects of Nduwimana's testimony on his departure from Burundi. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). Specifically, the agency reasonably found it implausible that the men who destroyed Nduwimana's house, kidnapped him, beat him up, and nearly killed him would, on the very same day, ultimately facilitate his safe passage out of the country by, for instance, calling the airport ahead of time. *See Siewe v. Gonzales,* 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

Second, the agency reasonably relied on Nduwimana's demeanor, finding he was hesitant or unresponsive when confronted with certain aspects of his claim, including his

4

wife's health and the last time they had spoken, and whether he had ever been physically harmed based on his ethnicity. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The demeanor finding is supported by the record.

Third, the agency reasonably relied on the fact that Nduwimana omitted to mention in his asylum application that his mother and brother had been killed because of their ethnicity. When the asylum application form explicitly asks whether a family member has "ever experienced harm or mistreatment or threats in the past by anyone," Certified Admin. Record 438, "a credible petitioner" in Nduwimana's position "would reasonably have been expected to disclose" the murders of family members, because their ethnic identity would have been directly probative to one's claim of fear based on his ethnicity. *Hong Fei Gao*, 891 F.3d at 79.

Fourth, the agency reasonably relied on Nduwimana's admitted false statement to Canadian border officials. Although it is "unreasonable to penalize an applicant for lying to escape persecution itself," *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006), Nduwimana was not fleeing the danger in Burundi by the time he had arrived at the U.S.-Canadian border. Accordingly, his lies to

5

Canadian border officials may weigh against his credibility.

Finally, we agree with Nduwimana that the agency should have more thoroughly addressed Nduwimana's corroborating documentary evidence and country conditions in Burundi, because the agency is required to consider the totality of the record and provide a reasoned decision. *See Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006); *Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir. 2005). However, under the circumstances of this case, the agency did not abuse its discretion by declining to credit corroborating evidence whose reliability and authenticity depended on Nduwimana's credibility. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Siewe*, 480 F.3d at 170 ("An IJ may, either expressly or impliedly . . . discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility."). Moreover, as the agency explained, the affidavits from friends, family, and colleagues in Burundi did not resolve the problems noted above, because they did not render Nduwimana's departure more plausible, ameliorate the demeanor or omission issues, or negate his false

6

statements to Canadian border officials.  Given Nduwimana's lack of credibility -- which called into question whether he was targeted by the Burundian government or security forces -- we decline to remand for further consideration country conditions evidence because the evidence of the targeting of some Tutsis did not rehabilitate Nduwimana's credibility as to his own experiences.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that agency is not required to "expressly parse" all of the evidence).

Given the "totality of the circumstances," the agency's adverse credibility determination is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**.  All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7